UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-6298-DMG (JEMx)** | Date | August 9, 2021 |
| Title | ***Alejandro Martinez Olivares, et al. v. BMS Healthcare, Inc., et al.*** | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On May 11, 2021, Plaintiff Alejandro Martinez Olivares, by and through his successor-in-interest Anabel Martinez, and Anabel Martinez, individually, filed a Complaint in Los Angeles County Superior Court against BMS Healthcare, Inc. dba El Rancho Vista Health Care Center and Mordechai Stock alleging claims for (1) elder abuse and neglect in violation of California Welfare and Institutions Code section 15600 *et seq.*; (2) violation of patient rights under California Health & Safety Code section 1430(b); (3) negligence; and (4) wrongful death.[1]  [Doc. # 4-1.]  Defendants were served with the Complaint via substitute service effective June 25, 2021.  Not. of Removal ("NOR") at ¶ 6 [Doc. # 1.]  On August 4, 2021, Defendants removed the action to this Court, asserting federal question jurisdiction under the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§ 247d-6d, 247d-6e, and federal officer removal jurisdiction under 28 U.S.C. section 1442(a)(1).  NOR at ¶¶ 10, 78.

Under 28 U.S.C. section 1446, a notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading.  28 U.S.C. § 1446(b)(1).  "[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met.  That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal."  *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

---

[1] Javier Martinez, Jose Martinez, Ruben Martinez, Victor Martinez, Laura Martinez, Lilia Martinez, Martha Martinez, Magdalena Lozano, Armando Lozano, Vanessa Lozano, Tereza Martinez-Brown, Dave Martinez, and Gissell Martinez are nominal defendants named for purposes of service only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6298-DMG (JEMx)** | Date | August 9, 2021 |
|---|---|---|---|
| Title | ***Alejandro Martinez Olivares, et al. v. BMS Healthcare, Inc., et al.*** | Page | 2 of 2 |

    Defendants filed their Notice of Removal on August 4, 2021, more than 30 days after service on both Defendants became effective on June 25, 2021. Defendants have not explained why removal is proper even though the Notice of Removal was filed late. NOR at ¶¶ 6-7.

    In addition, this Court has previously held in a similar case that the PREP Act is not a complete preemption statute and that assertion of a defense under the PREP Act does not suffice to confer federal question subject matter jurisdiction over a removed action under 28 U.S.C. sections 1331 and 1441. *See Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *2-6 (C.D. Cal. Apr. 19, 2021). Moreover, in a case cited in *Padilla*, i.e., *Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW (JPRx), 2021 WL 364640 (C.D. Cal. Feb. 3, 2021), another court in this district found no federal officer removal jurisdiction for a defendant nursing facility and company owner based solely on implementation of federal COVID-19 policies. *Id.* at *3.

    In light of Defendants' failure to timely file their Notice of Removal and the reasoning set forth in *Padilla* and *Lyons*, the Court hereby **ORDERS** Defendants to **SHOW CAUSE** why this case should not be remanded to Los Angeles County Superior Court for failure to comply with 28 U.S.C. section 1446 and for lack of subject matter jurisdiction. Defendants shall file a response by no later than **August 16, 2021. Failure to timely file a satisfactory response by this date will result in the remand of this action to state court.**

**IT IS SO ORDERED.**